J-A05025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN D. STERNER | : | |
| | : | No. 257 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence October 11, 2016
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003642-2010,
CP-09-CR-0005114-2013, CP-09-CR-0008082-2010,
CP-09-CR-0008083-2010

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                     **FILED MARCH 02, 2018**

Steven D. Sterner (Appellant) appeals *pro se* from the judgment of sentence imposed following revocation of his probation.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On April 26, 2011, Appellant pled guilty at Docket No: 8083-2010 to robbery, simple assault, theft by unlawful taking, and loitering and prowling.[1]

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 2701(a)(1), 3921(a) and 5506, respectively.  Also, between 2010 and 2013, Appellant was convicted of additional offenses at three other docket numbers as follows:

Docket No. 8082 of 2010 – criminal mischief (18 Pa.C.S.A. § 3304(a)(5)).

Docket No. 3642 of 2010 – Recklessly Endangering Another Person (18 Pa.C.S.A. § 2705); Disorderly Conduct (18 Pa.C.S.A. § 5503(a)(4));

---

Trial Court Opinion, 9/20/17, at 1. The trial court sentenced Appellant to six to 23 months of imprisonment plus two years of probation, and imposed various special conditions including instructions that Appellant comply with mental health treatment, have no contact with the victim, and complete a domestic violence program. *Id*. at 1-2.

On October 17, 2013, after Appellant violated the terms of his probation, the trial court revoked his probation and resentenced him to a new two-year probationary term. *Id*. at 2. Appellant subsequently failed to comply with the conditions of his probation, and the trial court issued a warrant for his arrest in May of 2014. On June 23, 2014, the trial court found Appellant in violation of his probation, and ordered him to continue serving his probationary sentence. *Id*. Over the course of the aforementioned proceedings, the trial court repeatedly ordered Appellant to undergo psychiatric and psychological evaluations and obtain mental health treatment, and committed Appellant to Norristown State Hospital for mental health reasons. *Id*.

---

Criminal Mischief (18 Pa.C.S.A. § 3304(a)(2)), and Criminal Trespass (18 Pa.C.S.A. § 3503(b.1)(1)(iii)).

Docket No. 5114 of 2013 – Possession of a Controlled Substance (35 P.S. § 780-113(a)(31)); Possession of Drug Paraphernalia (35 P.S. § 780-113(a)(32)), Resisting Arrest (18 Pa.C.S.A. § 5104) and Disorderly Conduct (18 Pa.C.S.A. § 5503(a)(4)).

On March 29, 2016, the Commonwealth requested a probation violation hearing after Appellant once again incurred new criminal charges. ***See*** Praecipe for Probation Violation Hearing, 3/29/16. A hearing commenced on June 3, 2016 on a myriad of probation and parole violations at all four docket numbers.[2] That same day, the trial court again ordered that Appellant undergo a mental health evaluation and continued the probation revocation proceeding. ***Id***. at 3; Trial Court Order, 6/3/16.

Following the trial court's receipt of a mental health report, the hearing recommenced on October 11, 2016. That same day, the trial court revoked Appellant's probation at Docket No. 8083 of 2010 and resentenced him to a term of imprisonment of two to four years, with credit for time served as of March 14, 2016, and a recommendation that he be screened for placement in

---

[2] The trial court summarized the nature of Appellant's probation violations as follows:

> Failure to report police contact, failure to follow directives from his probation officers, failure to comply with the Forensic Program, failure to attend Batterers' Intervention, failure to pay restitution, absconding; and three new criminal convictions for the charges of harassment, disorderly conduct, and institutional vandalism.

> It should also be noted that this is his fifth violation on [Docket No.] 3642 of 2010, his third violation on both [Docket No.] 8082 and 8083 of 2010, and his first violation on [Docket No.] 5114 of 2013.

Trial Court Opinion, 9/20/17, at 5.

the SCI Waymart Therapeutic Program to receive mental health treatment. Trial Court Order, 10/11/16. The trial court revoked and terminated Appellant's probation and parole at the remaining docket numbers.

Appellant filed a motion for reconsideration on October 14, 2016 and on December 2, 2016, filed a petition under the Post Conviction Relief Act[3] (PCRA) seeking reinstatement of his direct appeal rights *nunc pro tunc*. Following a hearing, the trial court denied the motion for reconsideration and granted Appellant's petition for reinstatement of his direct appeal rights. Appellant filed a notice of appeal on January 10, 2017. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[4]

On March 3, 2017, after Appellant sought to represent himself, Appellant's counsel filed with this Court an application to remand for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). This Court granted the request on March 23, 2017. Following remand, the trial court conducted a **Grazier** hearing and on September 22, 2017 entered an order finding that Appellant had knowingly, intelligently, and voluntarily waived his right to counsel, and permitted him to proceed *pro se.*

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] On December 18, 2015, Appellant filed a separate *pro se* notice of appeal with this Court from the trial court's denial of a PCRA petition filed by Appellant on February 18, 2015. On November 8, 2016, this Court filed an unpublished memorandum opinion affirming the trial court, at Docket No. 5652 of 2010 and Docket No. 8083 of 2010. **See Commonwealth v. Sterner**, 159 A.3d 580 (Pa. Super. 2016).

On appeal, Appellant asserts the following errors:

1. The sentence imposed is manifestly excessive under law and the court erred in denying reconsideration of sentence.

2. The counsel provide[d] was incompetent in all aspects of the instant case(s) raising an ineffective claim.

3. All of the time incarcerated for an incident by law shall be credited to any minimum or maximum on that instant case.

4. The mental health act was violated.

5. Constitutional rights were violated.

6. The trial court manifestly abused its discretion.

7. Miscarriage of justice has occurred.

8. Actual innocence claim is raised.

Appellant's Brief at 4 (unpaginated).

Appellant's *pro se* brief is not a model of clarity, and the defects are substantial. Several required components of the brief are missing, including the order or other determination in question, a cogent standard and scope of review, and an objective statement of the case without argument. **See** Pa.R.A.P. 2111(a)–(b); 2117(a)-(b). Moreover, Appellant fails to develop arguments in support of his issues, and his brief is rambling, repetitive, and often incoherent. **See** Pa.R.A.P. 2119. Nonetheless, we address the arguments we can reasonably discern.

For clarity and ease of analysis, we begin our review by addressing Appellant's challenge to the discretionary aspects of his sentence. Appellant's Brief at 2-4.

Appellant claims that the trial court abused its sentencing discretion when it imposed a sentence of two to four years of imprisonment following revocation of his probation.

> An appellant challenging the discretionary aspects of [a] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> . . .
>
> The determination of what constitutes substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotations marks and some citations omitted).

Here, Appellant has filed a timely notice of appeal and properly preserved his discretionary claim in a motion for reconsideration. However, Appellant failed to comply with Pa.R.A.P. 2119(f), which requires an appellant who challenges the discretionary aspects of his sentence to include in his brief a concise statement of the reasons relied upon for allowance of appeal. "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." ***Commonwealth v. Bruce***, 916 A.2d 657, 666 (Pa. Super. 2007). The Commonwealth has objected to Appellant's omission of the Rule 2119(f) statement. ***See*** Commonwealth Brief at 11. Accordingly, Appellant's challenge to the discretionary aspects of his sentence is waived.

Moreover, Appellant has failed to raise a substantial question for review as he asserts only general claims of excessiveness and assertions that the trial court did not properly consider and/or weigh certain factors. ***See Commonwealth v. Giordano***, 121 A.3d 998, 1008 (Pa. Super. 2015) (where the appellant did not cite a specific provision of the sentencing code or a fundamental norm of sentencing that he alleged the trial court violated, the appellant's assertion of excessiveness did not raise a substantial question); ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

Even if Appellant's discretionary claims were not waived, they lack merit. "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Simmons***, 56 A.3d 1280, 1283–84 (Pa. Super. 2012). The trial court explained the reasons for its sentence in its Pa.R.A.P. 1925(a) opinion as follows:

> We considered the extensive evidence as to Appellant's criminal history, including his continued disregard for the repeatedly imposed conditions to treat his mental health and to assist with Appellant's anger and domestic violence issues. . . . [The Probation Department] made exhaustive efforts in an unsuccessful attempt to rehabilitate [Appellant] . . . with mental health and drug and alcohol treatment.
>
> . . .
>
> [The trial court considered Appellant's] mental health diagnoses . . . along with . . . Appellant's demeanor in Court, and escalating threats to many members of the community, including his family, his probation officer, law enforcement as a whole and the Sheriff's Department [].
>
> . . .
>
> [The trial court] took into account his extensive criminal history, the nature of his criminal conduct, his mental health history, his conduct while on supervision for various crimes, his age, the safety needs of the community, his degree of remorse, and his potential for rehabilitation once he agrees to and undergoes appropriate medical treatment.

The following constitute some of the reasons for imposition of [the] sentence as explained on the record to [Appellant] on October 11, 2016:

[Trial Court:]      [T]he Department of Probation and Parole hasn't given up on you. And I haven't given up on you. The real question is whether you've given up on yourself.

           . . .

[T]here's a long history … And I know, for example, it's been noted in a number of places including the most recent mental health report, you've refused to take medication.

It's also been noted that when you do take medication, you do much better. So I urge you to be open to taking medication. I cannot order you to do so, but I would urge you to be open to it.

           . . .

[T]here's something going on here … you do need treatment.

. . . you've got hopefully a long life ahead of you. You can make it a productive life if you choose to do so. But you need treatment. We also can't go without recognizing the seriousness of your offenses.

. . . the proper sentence on these violations really has to do with balancing punishment, as was mentioned, and recognizing the seriousness of your offenses with your age, which is relatively young,

and your potential (for) rehabilitation. And I think it's there. But it's only there if you're open to treatment and you accept treatment, and probably it's only there if you accept medication.

. . .

[T]he point is to have you gradually adapt to become a productive citizen once again in the community.

. . . I do want the court sheet to reflect that it is our strong recommendation that you be classified to go to the therapeutic community at SCI Waymart.

[The trial court] evaluated the safety needs of the community and the potential for rehabilitation of Appellant. Exercising appropriate discretion, [the trial court] concluded that in addition to the repeated treatment and corrective efforts that had been extended to Appellant for several years, he was in need of intensive mental health treatment not available in the county facility. [The trial court] instructed Appellant regarding the importance of participating in mental health treatment and as to taking medication as required. . . . [T]he sentence imposed upon Appellant was appropriate, carefully considered, and not excessive.

Trial Court Opinion, 9/20/17, at 6-10 (citations to notes of testimony omitted).

Upon review, we find that the record supports the trial court's well-reasoned analysis and conclusion that Appellant is not entitled to relief on his sentencing claims.

With respect to Appellant's remaining claims, we are unable to discern any coherent legal arguments. Appellant's discussion in support of the

remaining claims consists of little more than a rambling narrative with no citations to any relevant case law. It is well-settled that undeveloped arguments are waived. *See*, *e.g.*, ***Commonwealth v. Charleston***, 94 A.3d 1012, 1021 (Pa. Super. 2014), ***appeal denied***, 104 A.3d 523 (Pa. 2014). In addition, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), ***cert. denied***, 562 U.S. 906 (2010) (citations omitted). Our procedural rules apply equally to represented parties and *pro se* litigants. ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), ***appeal denied***, 879 A.2d 782 (Pa. 2005). Accordingly, Appellant's claims are waived.

Judgment of sentence affirmed

Judge Dubow joins the memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/18

- 11 -